UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:14-cv-80403-HURLEY/HOPKINS**

LYDIA ADAMS, as Personal Representative of the
Estate of SETH ADAMS, for the benefit of LYDIA
ADAMS and RICHARD ADAMS, surviving
parent; and the Estate of SETH ADAMS,

        Plaintiffs,

vs.

RIC L. BRADSHAW, in his official capacity as
Sheriff of Palm Beach County, Florida; and
MICHAEL M. CUSTER, in his individual capacity,

        Defendants.
_____/

### DEFENDANTS' UNOPPOSED MOTION TO SEAL
### (AND MEMORANDUM OF LAW)

    Defendants RIC BRADSHAW, in his official capacity as Sheriff of Palm Beach County, and MICHAEL M. CUSTER, in his individual capacity, by and through their undersigned attorneys, pursuant to Local Rule 5.4 of this Court, file this their Motion to Seal (and Memorandum of Law) and in support thereof would state as follows:

    1. This lawsuit arises out of an incident which occurred on May 16, 2012 between Palm Beach County Sheriff's deputy Sgt. Michael Custer and the Plaintiff's decedent Seth Adams at A One Stop Garden Shop in West Palm Beach Florida. During the incident, Adams was shot by Sgt. Custer. The Plaintiff brings federal civil rights claims and state law claims for Wrongful Death.

    2. In regard to the Plaintiff's pending motion for discovery sanctions [DE 141] as it relates to the loss or destruction of the Defendant Custer's work cell phone, the Court recently entered an Order Directing Supplementation of the Record [DE 224] directing the parties "to supplement the record in this case by filing complete copies of defendant Custer's work cell phone records for the

1

pertinent time frame, and to further submit a summary chart indicating the time each outgoing or incoming call was placed; the duration of the call; and the name of the person(s) associated with the corresponding telephone line for each outgoing and incoming call." (See Order at pg. 1).

3. The aforementioned filings contain the telephone numbers and names of law enforcement officers, some of whom have been, currently are, or in the future may be, working in an undercover capacity as well as the name and telephone number of a spouse of a law enforcement officer. The parties in this case agree that this information is sensitive and should be filed under seal to protect it from being part of the public record in this case.

4. The proposed duration of the requested sealing is indefinitely.

5. Plaintiff has already filed its response to the Court's Order under seal [DE 225] and the Defendants' response is being filed under seal contemporaneously with the instant motion.

6. Pursuant to the Local Rules of this Court, undersigned counsel has consulted with opposing counsel, Attorney Wally McCall, who has advised that he does not oppose the requested relief.

WHEREFORE, the Defendants respectfully request that this Honorable Court grant the instant unopposed motion and permit the filings by the parties in response to the Court's Order [DE 224] to remain under seal.

FURTHER, and in support of this Motion, the Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

Although the public has a common-law right to inspect and copy judicial records and public documents, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263

F.3d 1304, 1313 (11th Cir. 2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d 352, 356 (11th Cir. 1987). If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313; see also Patent Asset Licensing, LLC v. Bright House Networks, LLC, 2016 WL 2991057, at *1 (M.D. Fla. May 24, 2016).

The need to protect individual privacy rights in some circumstances rises to the level of a compelling or substantial interest that should be recognized in the balancing process in considering a First Amendment right of access issue. See, e.g., Globe Newspaper v. Superior Court, 457 U.S. 596, 607, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment); Press–Enterprise Co. v. Superior Court of California, 464 U.S. 501, 511, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (recognizing the governmental interest in protecting the privacy of jurors); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35–36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (recognizing the governmental interest in preventing abuse of the civil discovery process); Times–Mirror Company v. United States, 873 F.2d 1210, 1215–16 (9th Cir.1989) (recognizing the governmental interest in not tipping off suspects by disclosure of search warrants). Such is the case here.

The Florida Legislature has specifically afforded privacy from public access to the personal information of active/former law enforcement personnel and their spouses, including their telephone numbers, see F.S. 119.071(4)(d)(1) as well as undercover personnel. See F.S. 119.071(4)(c). These measures reflect a strong public policy favoring the special protection of law enforcement officers and their personal information, including their telephone numbers. While the Florida statutes do not control this federal proceeding, they do reflect a legislative judgment that the state has an interest

3

in maintaining the confidentiality of certain personal information concerning law enforcement officers and their spouses as well as undercover law enforcement officers.

Complete copies of Defendant Sergeant Custer's work cell phone records for the pertinent time period and a summary thereof to include, among other things, the names of those individuals who were associated with the telephone calls as requested by the Court necessarily contains sensitive information concerning law enforcement officers which is properly sealed by this Court. This is particularly true in the instant matter which has garnered much public interest, to include some individuals who have demonstrated an ability to misuse others' personal information in an attempt to pursue their own agenda.

The motion should be granted.

**I HEREBY CERTIFY** that a copy of the foregoing is being filed via CM/ECF which will send a copy to: **WALLACE B. MCCALL, ESQUIRE**, COHEN, MILSTEIN, SELLERS & TOLL, PLLC, 2925 PGA Blvd., Palm Beach Gardens, Florida 33410, wmccall@cohenmilstein.com this **26th** day of May, 2016.

                                              PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                                              Attorneys for Defendants
                                              2455 East Sunrise Boulevard, Suite 1216
                                              Fort Lauderdale, Florida 33304
                                              Telephone (954) 462-3200
                                              Telecopier (954) 462-3861

                         BY      *s/ Summer M. Barranco*
                                              SUMMER M. BARRANCO
                                              Florida Bar No. 984663