**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:14-cv-80403-HURLEY/HOPKINS**

LYDIA ADAMS, as Personal Representative of the
Estate of SETH ADAMS, for the benefit of LYDIA
ADAMS and RICHARD ADAMS, surviving
parent; and the Estate of SETH ADAMS,

              Plaintiffs,

vs.

RIC L. BRADSHAW, in his official capacity as
Sheriff of Palm Beach County, Florida; and
MICHAEL M. CUSTER, in his individual capacity,

              Defendants.

                                               /

## DEFENDANTS' MOTION FOR PRETRIAL RULING
### (AND MEMORANDUM OF LAW)

The Defendants, RIC L. BRADSHAW, as Sheriff of Palm Beach County, Florida and

MICHAEL M. CUSTER, in his individual capacity, through their undersigned counsel, file this

their Motion for Pretrial Ruling (and Memorandum of Law) on Plaintiff's Motion for Sanctions

and in support thereof, would state as follows:

      1.       On May 4, 2015, Plaintiff filed a Motion for Sanctions.  (See DE 141).   In her

motion, Plaintiff alleged *inter alia*, that Defendant Sheriff mishandled the preservation of

Defendant Custer's cell phone. (See DE 141, para. 3-12). Neither the Plaintiff's motion nor reply

(DE 157) requested relief in the form of sanctions against Defendant Custer.  Furthermore, the

Plaintiffs motion and the record establish that there is no issue related to whether Sgt. Custer

turned his cell phone over to the PBSO.

      2.       Oral argument on Plaintiff's motion was heard on November 13, 2015.  During

the hearing, Plaintiff once again made no mention as to sanctions against Defendant Custer. (See

<u>Attached exhibit A</u>, Sanctions Hearing Transcript).

3.      After hearing, the Court took the matter under advisement but made no ruling on the Plaintiffs' Motion for Sanctions[1]. <u>Id</u>.

4.      On January 26, 2017, Calendar Call was held.  At this hearing, counsel for Plaintiff informed the court of its outstanding motion for sanctions and the court implied that a ruling would not be forthcoming, reasoning the issue of whether Defendant Custer turned in his cell phone to the PBSO was a factual dispute for the jury to determine.  The Court's comments led Defendants to believe that the outstanding issue to be considered in Plaintiff's motion was if there would be sanctions against Defendant Custer and whether Defendant Custer turned his cell phone in to the PBSO.  Counsel for Defendants have now had an opportunity to review the record regarding Plaintiff's Motion for Sanctions and as a result, assert to the Court that Plaintiff is not, and properly cannot, seek sanctions against Defendant Custer.  In addition there is no dispute that Defendant Custer turned his cell phone into the PBSO.

5.      Finally, Defendants contend a sufficient factual record has been laid as to the issue of whether or not sanctions should be imposed against Defendant Sheriff, and ruling on Plaintiff's Motion for Sanctions against the Sheriff would promote judicial efficiency, facilitate a smoothly run trial, and possibly negate unnecessarily prejudicing Defendant Custer.  While it is Defendants' position that no sanctions are warranted (See DE 153), if the Court were to grant Plaintiff's motion, Defendants request monetary sanctions be entered against Defendant Sheriff rather than an adverse jury instruction as such sanction would avoid prejudicing Defendant Custer, who is not the subject of the Plaintiff's Motion for Sanctions.

---

[1]It should be noted that the other two issues raised in Plaintiff's May 2015 Motion for Sanctions (regarding GPS Data and PBSO emails) have since been resolved.

FURTHER, and in support of this Motion, Defendants would refer this Honorable Court to the Memorandum of Law incorporated herein.

## MEMORANDUM OF LAW

### Plaintiff did Not, and Properly Cannot, Seek Sanctions Against Defendant Custer

"Among the cardinal principles of our Anglo–American system of justice is the notion that the legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded sua sponte by the trial judge." Doubleday & Co. v. Curtis, 763 F.2d 495, 502 (2d Cir.1985). Moreover, a district court should not attempt to rewrite a deficient pleading or infer claims other than those that are plainly advanced by the parties. Butler v. Broward County Cent. Examining Bd., 367 Fed. Appx. 991, 992 (11th Cir. 2010). In this case, a review of the record in this matter shows Plaintiff seeks sanctions against only Defendant Sheriff, not against Defendant Custer. First, Plaintiff's initial motion requested that "In light of the egregiousness of Defendant Bradshaw's discovery violations and the prejudice to Plaintiffs, Plaintiffs respectfully request the Court enter a default judgment on liability against Bradshaw or, in the alternative, draw an adverse inference against Bradshaw that the missing and improperly withheld evidence is unfavorable to Defendant Bradshaw". (See DE 141, para. 40). Indeed, Plaintiff's motion focuses on the alleged spoliation of three different items: Sgt. Custer's work cell phone; GPS information and PBSO emails. The entirety of the motion and the evidence submitted by the Plaintiff demonstrates that these items, to the extent they were requested to be preserved pre-suit  or requested to be produced or inspected during the discovery process of this case, were requested from the Defendant Sheriff who is the custodian of these requested items. (See DE 141),  Defendant Custer, who is a sergeant with the Sheriff's office, is not the records custodian of either the GPS information or the PBSO emails.

3

Moreover, as is evident from the Plaintiff's Reply (DE 157), the Plaintiff was not contending that Sgt. Custer failed to deliver the phone to the Palm Beach County Sheriff's Office.  In fact, Plaintiff acknowledges "Sgt. Custer turned his cell phone into the PBSO". (DE 157, para. 2) and again only asks for sanctions, by way of an adverse inference, against the Sheriff for losing the cell phone that Defendant Custer turned in.  (DE 157, p. 6).  Finally, a review of the transcript of the hearing again makes no mention of relief sought against Defendant Custer.  (See Attached exhibit A, Sanctions Hearing Transcript). Therefore, the entirety of the record in this matter shows conclusively that Plaintiff's Motion for Sanctions only seeks sanctions against the Defendant Sheriff, not against Defendant Custer.

**Ruling on Plaintiff's Motion for Sanctions Against Defendant Sheriff is Appropriate**

While ruling on a Motion for Sanctions against Defendant Custer would have been exceedingly difficult for the Court since the factual record laid by Plaintiff only supports a motion against the Sheriff,  Defendants contend that a sufficient factual record for Plaintiff's motion has been made as to Defendant Sheriff and would request a ruling on same. (See Attached exhibit A, Sanctions Hearing Transcript).   During the hearing, Plaintiff put on evidence in the form of photographs and numerous depositions to support its motion while Defendants called multiple witnesses in rebuttal in order to give a comprehensive factual basis. Id.  Based on this record, the Court should have the sufficient facts needed to rule on Plaintiff's Motion for Sanctions.      Moreover, district courts have discretion on when it is appropriate to rule on pretrial motions and when to defer to trial.  CITC Indus., Inc. v. Manow Intern. Corp., 193 U.S.P.Q. 366 (S.D.N.Y. 1976).  Relevant factors other District Courts have used when making the decision include: (1). Whether it would save considerable time and expense of the parties; (2).  Whether it would  facilitate a smoothly run trial; and (3). Whether it would prevent

4

extraneous issues from creeping into the trial. Id.  In the instant situation, an analysis of the facts

support a pretrial ruling.  A ruling on this issue would impact the calling (or not calling) of

multiple witnesses and hours of judicial time.  It could also  facilitate a smoothly run trial by

preventing (if the Motion for Sanctions is denied) extraneous issues from creeping into the trial.

By ruling on Plaintiff's motion before trial, the Court could possibly prevent an undesirable

situation for Defendant Custer whereby detailed testimony is elicited regarding Defendant

Sheriff's loss of his cell phone. Such testimony would negatively impact Defendant Custer's

ability to defend the claims against him in his individual capacity due to the unwarranted inference

of culpability. Likewise, while Defendants maintain that no sanctions are warranted (See DE 153), if

the Court were to grant Plaintiff's motion, Defendants request monetary sanctions be entered

against Defendant Sheriff rather than an adverse jury instruction as such a sanction would avoid

prejudicing Defendant Custer. Therefore, a pretrial ruling on Plaintiff's Motion for Sanctions is

requested and warranted as it would prevent prejudice and promote judicial efficiency.

WHEREFORE, Defendants respectfully request this Court enter a pretrial order on

Plaintiff's Motion for Sanctions (DE 141) as to Defendant Sheriff. If the Court were to grant

Plaintiff's Motion for Sanctions, Defendants' request monetary sanctions against Defendant

Sheriff rather than an adverse jury instruction to avoid prejudicing Defendant Custer.

### 7.1(a)(3) STATEMENT

Counsel for the Defendants certifies that  Plaintiff's counsel objects to the relief sought

by this motion.

   **I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy of same will be sent via email to: **STEPHAN LeCLAINCHE, ESQUIRE, WALLACE B. MCCALL, ESQUIRE**, and **THEODORE J. LEOPOLD, ESQUIRE,** COHEN, MILSTEIN, SELLERS & TOLL, PLLC, 2925 PGA Blvd., Palm Beach Gardens, Florida 33410,sleclainche@cohenmilstein.com; wmccall@cohenmilstein.com and tleopold@cohenmilstein.com this **31st** day of January, 2017.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861

        BY  *s/ Summer M. Barranco*
           SUMMER M. BARRANCO
           Florida Bar No. 984663